UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ALBERT ELLINGTON**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 1:12-CV-P27-M**

**JACKIE STRODE et al.**  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Albert Ellington, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DNs 1 and 4). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and go forward in part.

## I. FACTS

Plaintiff, a prisoner at Warren County Regional Jail (WCRJ), sues Southern Health Partners, Inc., and Warren County. He also sues Jamie Pruett, head nurse for Southern Health Partners, Inc., in her individual capacity, and Jailer Jackie Strode in his official capacity. He alleges that in August 2011 he noticed while working in the WCRJ Class D work program at the Warren County Rescue Squad that the foot on his prostheses was loose and the upper half of the prosthesis was broken. He states that Chief Deputy Jeff Robbins of WCRJ was informed that Plaintiff was unable to work because of his broken prosthesis and that Plaintiff was then taken to "medical" to have his prosthesis fixed. He states that "Head Nurse Jamie Pruett of Southern Health Partners, Inc. stated Plaintiff's prosthesis was unable to be fixed due to cost . . . ." He states that he has "sores, bruises, and blisters due to Southern Health Partners, Inc. violating his 8th Amendment" rights and that his leg will continue to be damaged until his prosthesis is fixed or

replaced. As relief, he requests monetary and punitive damages and to have his prosthesis replaced.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim against Southern Health Partners*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official

"acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).

Reading Plaintiff's complaint liberally as the Court is required to do, *see Boag v. MacDougall,* 454 U.S. at 365, Plaintiff has alleged that Southern Health Partners had a policy or custom that caused the alleged deprivation of his federal rights. Therefore, the Court will allow Plaintiff's claim against Defendant Southern Health Partners to go forward.

***Claim against Jailer Strode and Warren County***

Plaintiff also sues Warren County and Jailer Strode in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71 (1989).  Therefore, in the case at bar, Plaintiff's claim against Jailer Strode in his official capacity is actually brought against the Warren County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v.*

*City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff's complaint does not allege that a policy or custom of Warren County was the moving force behind the alleged constitutional violations. According to his complaint, it was the policy of Southern Health Care that is at issue. Therefore, by separate Order, the Court will dismiss the claims against Jailer Strode and Warren County for failure to state a claim.

*Claim against Nurse Pruett*

Plaintiff's complaint alleges that Nurse Pruett was made aware of the situation regarding Plaintiff's prosthesis but would not replace his broken prosthesis and that he has suffered bruises, sores, and blisters due to the damaged prosthesis. On initial review, the Court will allow the Eighth Amendment claim against Nurse Pruett to go forward. *See Farmer*, 511 U.S. at 835.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims against Warren County and Jailer Strode. The Court will enter a Scheduling Order to govern the development of his claims against Southern Health Partners and Nurse Pruett. In allowing these claims to go forward, the Court expresses no opinion on the ultimate merit of these claims.

Date: May 23, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　Warren County Attorney
4414.009